# SUPREME COURT OF APPEALS

*In re* S.L.

No. 17-1108 (Fayette County 17-JA-58)

**FILED**

**April 9, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother C.L., by counsel Jennifer M. Alvarez, appeals the Circuit Court of Fayette County's November 29, 2017, order terminating her parental rights to S.L.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Vickie L. Hylton, filed a response on behalf of the child in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating her parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On July 18, 2017, the DHHR filed an abuse and neglect petition against petitioner. The petition specifically alleged that petitioner was involved in a Child Protective Services ("CPS") case and that on July 5, 2017, petitioner was hesitant to speak with the CPS worker, would not come outside of her home or allow the CPS worker into the home, and appeared to be under the influence of drugs. Petitioner would not provide the CPS worker the location of the child and stated only that the child was at a friend's home. The CPS worker returned to the home later, still trying to locate the child. Petitioner informed the CPS worker that the eight-year-old child was "at the store," but could not provide any further information about whom the child was with. The CPS worker, accompanied by a state trooper, returned to the home for a third time. At that time, petitioner informed the CPS worker that the child was "down the hill" with another family. When questioned by the CPS worker, an occupant at that residence informed the worker that she had only met the child the previous day when the child asked if she could stay at the occupant's home. She permitted the child to spend the night because the child was "better off there." Petitioner later admitted to the CPS worker that she had recently abused methamphetamine and marijuana.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

A temporary protection plan was completed with the child's maternal grandfather. According to the DHHR, the child was observed to be relieved to return to the grandfather's home. On July 6, 2017, the child reported to the CPS worker that she did not like moving from place to place with her mother and wanted to live with her grandfather. She also reported that when her mother is around, "they don't do anything because her mother is always out," and that she had observed her mother "crushing pills into a white powder." On July 11, 2017, the child was interviewed at the Just For Kids Child Advocacy Center in Oak Hill, West Virginia. The child reported that she was no longer allowed to speak to petitioner because petitioner "makes me cry when she calls." The child also told the interviewer that petitioner called the day before the interview and told her to "say good things or she would go to a foster home." The DHHR also alleged that petitioner was involved in more than sixteen child abuse investigations resulting in three open cases.

On August 2, 2017, the circuit court held a preliminary hearing, which petitioner waived. The circuit court granted petitioner supervised visitation with the child once a week, subject to clean drug screens. On September 5, 2017, the circuit court held an adjudicatory hearing, for which petitioner failed to appear, but was represented by counsel. The circuit court found that petitioner was fully aware of the hearing and the purpose of the hearing and that she voluntarily absented herself. Nonetheless, the circuit court rescheduled the adjudicatory hearing. On October 4, 2017, the circuit court held an adjudicatory hearing, for which petitioner appeared in person and by counsel. Petitioner stipulated to the allegations of abuse and neglect as set forth in the petition and was adjudicated as an abusing parent. The dispositional hearing was scheduled. On November 6, 2017, petitioner filed a written motion for a post-adjudicatory improvement period. The circuit court held a hearing on the motion, but petitioner failed to attend. Counsel for petitioner moved for the circuit court to hold the motion for a post-adjudicatory improvement period in abeyance based upon petitioner's absence, which the circuit court granted.

On November 13, 2017, the circuit court held a dispositional hearing. Petitioner did not attend the hearing, but was represented by counsel. Counsel for petitioner informed the circuit court that petitioner was aware of the hearing, but that she did not know where petitioner was. Counsel for petitioner requested an additional opportunity to get in touch with petitioner. The circuit court denied a continuance and proceeded with the dispositional hearing. The circuit court noted that petitioner was "living a nomadic lifestyle, it appears, and abusing drugs" and found that petitioner failed to communicate with the DHHR and seek treatment for her substance abuse problem. At the close of the hearing, the circuit court found no reasonable likelihood that the conditions of abuse and neglect could be corrected in the near future and that termination of petitioner's parental rights was in the child's best interests. Ultimately, the circuit court terminated petitioner's parental rights in its November 29, 2017, order.[2] It is from the dispositional order that petitioner appeals.

The Court has previously established the following standard of review:

---

[2]The father's parental rights were also terminated. According to the guardian and the DHHR, the child is placed with her maternal grandfather. The permanency plan is adoption.

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the proceedings below.

In her sole assignment of error, petitioner argues that the circuit court erred in terminating her parental rights. Specifically, petitioner argues that the child would not have been harmed by a continuance to allow for petitioner to attend the dispositional hearing. We do not find petitioner's argument persuasive.

West Virginia Code § 49-4-604(b)(6) provides that circuit courts are to terminate parental rights upon findings that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the children's welfare. West Virginia Code § 49-4-604(c)(3) provides that no reasonable likelihood that the conditions of abuse or neglect can be substantially corrected exists when "[t]he abusing parent . . . ha[s] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts[.]"

Here, it is clear that there was no reasonable likelihood that petitioner could have substantially corrected the conditions of abuse or neglect in the near future. On appeal, petitioner admitted that she had a substance abuse problem but argues that she "was not given enough time to come to terms with [her] need for treatment." However, we have held that "courts are not required to exhaust every speculative possibility of parental improvement before terminating parental rights where it appears that the welfare of the child will be seriously threatened[.]" Syl. Pt. 1, in part, *In re R.J.M.,* 164 W.Va. 496, 266 S.E.2d 114 (1980). Petitioner had notice of all hearings during the proceedings and voluntarily absented herself from multiple hearings, including the dispositional hearing. Further, throughout the proceedings, petitioner failed to maintain contact with the DHHR, and by the dispositional hearing, neither the DHHR nor her counsel knew of petitioner's whereabouts. Due to her failure to submit to drug screens, the circuit court found that petitioner continued to abuse drugs and ultimately found it in the child's best interests to terminate petitioner's parental rights and establish permanency. We agree and find no error in the circuit court's decision to terminate petitioner's parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its November 29, 2017, dispositional order is hereby affirmed.

Affirmed.

**ISSUED**:  April 9, 2018

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II
Justice Elizabeth D. Walker